IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Tony L. Wilson, | ) | C/A No.: 3:12-cv-3033-JFA |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| Lee County Landfill SC, LLC; Republic Services of South Carolina, LLC; Republic Services, Inc.; Bartow Keller; Mike Culp; and Thomas Lawrence, | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter comes before the court on a motion by Plaintiff Tony L. Wilson to remand the instant case to state court, ECF No. 8, and a motion by Defendants Lee County Landfill SC, LLC, Republic Services of South Carolina, LLC, Republic Services, Inc., Bartow Keller, and Mike Culp to dismiss all of the Defendants except Lee County Landfill SC, LLC, ECF No. 4. For the reasons that follow, the court finds that this case should be remanded to the Lee County Court of Common Pleas.

I.   **Factual and Procedural History**

Plaintiff lives close to the Lee County Landfill ("the landfill"), which is owned by Lee County Landfill SC LLC. Plaintiff brought this class action in South Carolina state court alleging that he has been harmed by odors that have traveled from the landfill to his property. In his Complaint, Plaintiff asserts the following causes of action: nuisance, trespass, negligence/gross negligence and recklessness, and intentional acts. Plaintiff is seeking compensatory damages, punitive damages, and fees and costs, as well as an injunction and a restraining order. The issues in this case are similar to those in *Babb v. Lee County Landfill SC,*

1

*LLC*, C/A No.: 3:10-cv-1724-JFA, a case tried before this court in March 2012 in which a motion for judgment as a matter of law and an issue of injunctive relief remain.

Defendants removed this case on October 19, 2012. On that same date, Defendants filed their motion to dismiss. On November 5, 2012, Plaintiff filed a motion to remand. After the motions were fully briefed, the court heard argument from both sides.

## II.     Legal Standard

A state action must be within the original jurisdiction of the district court to be removed to federal court. *See* 28 U.S.C. § 1441. Original jurisdiction exists in "all civil actions where the matter in controversy exceeds the sum of $75,000, exclusive of interests and cost, and is between . . . citizens of different States." 28 U.S.C § 1332(a)(1). The party seeking removal bears the burden of proving federal jurisdiction has been properly invoked. *Sonoco Prods. Co. v. Physicians Health Plan, Inc.*, 338 F.3d 366 (4th Cir. 2003) (citing *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994)).

The fraudulent joinder doctrine permits removal when a non-diverse party is or has been a defendant in the case and where "there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court." *Hartley v. CSX Transp., Inc.*, 187 F.3d 422, 424 (4th Cir. 1999) (internal quotation marks and emphasis omitted). The burden to prove such fraudulent joinder is "heavy" because "the defendant must show that the plaintiff cannot establish a claim against the nondiverse defendant even after resolving all issues of fact and law in the plaintiff's favor." *Marshall v. Manville Sales Corp.*, 6 F.3d 229, 232–233 (4th Cir. 1993). However, in determining whether an attempted joinder is fraudulent, "the court is not bound by the allegations of the pleadings, but may 'consider the entire record, and

2

determine the basis of joinder by any means available.'" *AIDS Counseling & Testing Centers v. Group W Television, Inc.*, 903 F.2d 1000, 1004 (4th Cir. 1990).

### III. Discussion

#### A. Diversity Jurisdiction

The issues raised in Plaintiff's motion and in Defendants' motion are intertwined. Plaintiff asserts that this case should be remanded because it lacks complete diversity. Defendants argue that the defendants who destroy diversity—namely, the individual, landfill employee Defendants[1]—have been fraudulently joined and that they should be dismissed. If those individual Defendants are dismissed, then the remaining parties will be diverse, and this court will have jurisdiction under 28 U.S.C. §1332(a). However, if the individual Defendants have not been fraudulently joined, then remand is appropriate.

In support of his position that remand is necessary in this case, Plaintiff submits well-settled South Carolina law that a joint action in tort is maintainable against both a master and its servant, even though the master's liability may rely entirely on the principle of respondeat superior. In those cases, the master and the servant are jointly and severally liable to the plaintiff. Based on that South Carolina law, at least one court in this district has decided that an insurance adjuster was not fraudulently joined in bad faith and negligence causes of action against an insurance company. *Pohto v. Allstate Ins. Co.*, 2011 WL 2670000, at *3 (Jul. 7, 2011) ("Given the desire expressed by courts in South Carolina and other states to hold employees individually liable for torts they commit within the scope of their employment, the court believes Boggs could possibly be held liable if Pohto could show she adjusted his claims in bad faith.").

---

[1] The Complaint actually names Thomas Lawrence as the third Lee County Landfill employee Defendant, but no person by that name works at the landfill. Plaintiff has corrected the name in his motion and in his briefs, but the docket still reflects Thomas Lawrence (not Lee Postal) as a Defendant, presumably because Plaintiff has not filed an amended complaint.

3

This court has recognized that "corporate officers and directors are not liable for the tortious conduct of the corporation unless they commit, participate in, direct, or authorize the commission of a tort." *Bessinger v. Food Lion*, 305 F. Supp. 2d 574, 579 (D.S.C. 2003). In the *Bessinger* case, this court found that non-diverse store managers were fraudulently joined in a South Carolina Unfair Trade Practices Act ("SCUTPA") claim against various corporate grocery stores because the managers did not participate in the act that allegedly violated the SCUTPA (the decision to remove product from store shelves). *Id.* at 579–80. Courts have recognized that some control is necessary to impose liability on an individual defendant. *See, e.g.*, *Benjamin v. Wal-Mart*, 413 F. Supp.2d 652, 655–56 (D.S.C. 2006) ("Such liability depends upon control, rather than ownership of the premises. In considering whether an individual has exercised control of the premises so as to impose a duty to reasonably inspect the premises, a court will generally consider the individual's power or authority to manage, direct, superintend, restrict, regulate, govern, administer, or oversee the management of the property.") (quotations and citations omitted). In the *Benjamin* case, the court found that a department manager and an employee were fraudulently joined in a slip-and-fall case against Wal-Mart. The court declined to "decide what level of control South Carolina law would require to impose such a duty upon an employee; however, the court [had] no difficulty finding that merely being a manager or an employee does not evidence a sufficient level of control." *Id.* at 656–57.

Plaintiff submits testimony from the *Babb* trial and from the depositions of the individual Defendants as evidence that the individual Defendants exercised a level of control that opens them up to liability. Bart Keller, for example, testified at the *Babb* trial that he was "in charge of all the day-to-day activities" at the landfill from January 2009 to September 30, 2011. *Babb* Trial Tr. at 1523, ECF No. 8-3. He, apparently, was charged with making sure the landfill

4

"stayed in compliance with all the DHEC regulations" and was responsible for running "the site efficiently and profitably." *Babb* Trial Tr. at 1523–24, ECF No. 8-3. Mike Culp was the operations manager at the landfill from September 2009 until November 2011. According to his deposition testimony, he and Keller made the decision as to whether to use odor neutralizers at the landfill to assist with odors. Culp Depo. at 23, ECF No. 8-2. He further testified that it was one of his and Keller's responsibilities to control odors at the landfill. Culp Depo. at 36–38, ECF No. 8-2. Lee Postal, a general manager with the corporate Defendants, has had responsibility for the landfill on and off since 1996. In his deposition, Postal testified that any budgets he prepares for the landfill would include operations needs as well as expenditures for gas collection and odor control systems. Postal Depo. at 8, ECF No. 8-4. Postal also testified that he made the final decision on the type of waste received by the Lee County Landfill. Postal Depo. at 13, ECF No. 8-4.

Defendants do not dispute that the individual Defendants had responsibilities related to controlling odors at the landfill. However, Defendants contend that Plaintiff has not attributed any specific, individual conduct to Keller, Culp, and Postal that led to Plaintiff's harm but has merely alleged that the individual Defendants are "responsible for the day-to-day operation, management and financial performance of the Lee County Landfill." Defendants argue that such an allegation is insufficient to support the causes of action against the individual Defendants. Other courts have dismissed employee defendants when they have been merely "lumped in" with diverse corporate defendants.

After reviewing the responsibilities of the individual Defendants at the landfill, the court finds that they are not sham defendants. The court believes that this case is distinguishable from *Bessinger*. In *Bessinger*, the store managers had no part in allegedly tortious decision-making

5

process that resulted in the removal of a product from grocery store shelves. 305 F. Supp. 2d at 579–80. In contrast, here, the individual Defendants exercised some control and oversight over the systems in place to control odors at the landfill. The court emphasizes that it makes no finding as to the individual Defendants' liability. Nevertheless, the court is persuaded that the individual Defendants had the requisite level of control over odors at the landfill such that they have not been fraudulently joined in this action.

### B.     Federal Question Jurisdiction

Defendants briefly argue that this court has federal question jurisdiction over the instant case because Plaintiff relies on federal statutes in his allegations. Defendants assert that jurisdiction is based on the fact that federal law must be applied to determine if Defendants have any alleged duties arising under federal statutes, regulations, common law or any federally enforceable permits referenced in Plaintiff's Complaint, and to determine if those duties have been violated. For example, Plaintiff alleges negligence per se on the part of the Defendants based on federal law. Additionally, some of Plaintiff's claims allege that interstate activities caused harm to him.

Plaintiff disputes that there is any such federal question jurisdiction in this case. The court agrees. The mere mention in the Complaint of the words "federal regulations" does not give rise to federal question jurisdiction. *See Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148 (4th Cir. 1994). As Plaintiff's causes of action are neither created by federal law nor do they arise under federal law, the court finds that there is no federal question jurisdiction in this case.

**IV.     Conclusion**

Because this court finds that it lacks subject matter jurisdiction over the instant action, it is constrained to grant Plaintiff's Motion to Remand. ECF No. 8. Accordingly, the court directs the Clerk to remand this case to the Lee County Court of Common Pleas. Because this court lacks subject matter jurisdiction over this case, it cannot decide Defendants' Motion to Dismiss. ECF No. 4. The court further denies both sides' requests for attorneys' fees and costs.

IT IS SO ORDERED.

April 11, 2013                                                        Joseph F. Anderson, Jr.
Columbia, South Carolina                                 United States District Judge

7